## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IGNACIO ALVAREZ
c/o 519 H Street NW
Washington, DC 20001

     Plaintiff,

v.

HUBALOU, LLC
d/b/a STATION 4
1101 4th Street SW
Washington, DC 20024

M & S RESTAURANT, LLC
d/b/a STATION 4
1101 4th Street SW
Washington, DC 20024

MED LAHLOU
4871 Glenbrook Road NW
Washington, DC 20016

SAYED L. LIMAR
6444 Katherine Ann Lane
Springfield, VA 22150

MONEER AHMAD SIDIQI
10658 Heron Ridge Court
Manassas, VA 20112

     Defendants.

Civil Action No. _____

## COMPLAINT

1.    While Plaintiff worked at Defendants' restaurant, Defendants paid him a flat biweekly

salary that denied him overtime wages. Furthermore, Defendants did not pay Plaintiff for his last

week of work.

2.      Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5.      Plaintiff Ignacio Alvarez is an adult resident of the District of Columbia.

6.      Defendant Hubalou, LLC is a District of Columbia limited liability company. It did business as Station 4. Its principal place of business was located at 1101 4th Street SW, Washington, DC 20024. Its registered agent for service of process is Med Lahlou, 4871 Glenbrook Road NW, Washington, DC 20016.

7.      Defendant M & S Restaurant, LLC is a District of Columbia corporate entity. It does business as Station 4. Its principal place of business is located at 1101 4th Street SW, Washington, DC 20024. Its registered agent for service of process is DBM Registered Agent Services, Inc., 1110 Vermont Avenue NW, Suite 715, Washington, DC 20005.

8.      Defendant Med Lahlou is an adult resident of the District of Columbia. He resides at 4871 Glenbrook Road NW, Washington, DC 20016. He is an owner and member of Hubalou,

LLC. He exercised control over the operations of the restaurant Station 4 — including its pay practices.

9.      Defendant Sayed L. Limar is an adult resident of Virginia. He resides at 6444 Katherine Ann Lane, Springfield, VA 22150. He is an owner and member of Defendant M & S Restaurant, LLC. He exercises control over the operations of M & S Restaurant, LLC — including its pay practices.

10.     Defendant Moneer Ahmad Sidiqi is an adult resident of Virginia. He resides at 10658 Heron Ridge Court, Manassas, VA 20112. He is an owner and member of Defendant M & S Restaurant, LLC. He exercises control over the operations of M & S Restaurant, LLC — including its pay practices.

**Factual Allegations Specific to Successor Liability**

11.     During the last three years, one or more of Defendants have owned and operated the restaurant Station 4, located at 1101 4th Street SW, Washington, DC 20024.

12.     Prior to approximately August 1, 2018, Defendants Hubalou, LLC and Med Lahlou ("Predecessors") owned and operated Station 4.

13.     On approximately August 1, 2018, Defendants M & S Restaurant, LLC, Limar, and Sidiqi ("Successors") purchased Station 4.

14.     Successors continued to use the Predecessors' brand.

15.     Successors continued Predecessors' hours of operation.

16.     Successors continued to operate Station 4 at Predecessors' address: 1101 4th Street SW, Washington, DC 20024.

17.     Successors continued to operate Station 4 with substantially the same equipment and fixtures.

18.     Successors continued to operate Station 4 with substantially the same staff, including Plaintiff.

19.     Upon information and belief, Successors knew of Station 4's pay practices prior to August 1, 2018.

20.     Successors continued Predecessors' pay practices, including paying Plaintiff a flat salary for working more than forty hours a week.

21.     Upon information and belief, Defendant Hubalou, LLC is no longer solvent.

**Factual Allegations**

22.     Defendants own and operate the restaurant Station 4, located at 1101 4th Street SW, Washington, DC 20024.

23.     Plaintiff worked at Station 4 from approximately November 2015 through approximately November 23, 2019.

24.     At all relevant times, Plaintiff worked at Station 4 as a kitchen laborer.

25.     At all relevant times, Plaintiff's job duties at Station 4 primarily consisted of preparing and cooking food, washing dishes, and cleaning the workstations.

26.     At all relevant times, Plaintiff worked an average of approximately fifty-eight hours per week.

27.     At all relevant times, Defendants paid Plaintiff a biweekly salary of $1,846.15.

28.     At all relevant times, Defendants paid Plaintiff an effective hourly rate of approximately $15.92.

29.     At all relevant times, Defendants paid Plaintiff by check.

30.     At all relevant times, Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

31.     Defendants paid Plaintiff the same effective hourly rate across all hours worked.

32.     Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

33.     Furthermore, Plaintiff was not paid anything for his last week of work.

34.     For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $22,500.00 in regular and overtime wages (excluding liquidated damages).

35.     Defendant Med Lahlou personally hired Plaintiff.

36.     Defendant Med Lahlou set Plaintiff's work schedule.

37.     At different times during Plaintiff's employment, Defendants Med Lahlou, Sayed L. Limar, and Moneer Ahmad Sidiqi signed Plaintiff's paychecks.

38.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

39.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

40.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

41.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

42.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

43.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

44.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

45.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

46.     At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

47.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

49.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

50.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

51.     Defendants' violations of the FLSA were willful.

52.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY REGULAR AND OVERTIME WAGES UNDER THE DCMWA

53.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

54.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

55.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

56.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-week.

57.     Defendants' violations of the DCMWA were willful.

58.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid regular and overtime wages, an amount equal to three times the unpaid regular and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

59.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

60.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

61.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

62.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

63.     For purposes of the DCWPCL, "wages" include, among other things, regular, and over-time wages. D.C Code § 32-1301(3).

64.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including regular and overtime wages.

65.     Defendants' violations of the DCWPCL were willful.

66.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$95,352.70**, and grant the following relief:

a.      Award Plaintiff $90,000.00, consisting of the following overlapping elements:

  i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

  ii.     unpaid regular and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

  iii.    unpaid regular and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix ap-

proved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

to account for the current market hourly rates for attorney's services, pursuant to the

DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,952.70);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.


Date: January 14, 2020                              Respectfully submitted,

                                                    /s/ Justin Zelikovitz
                                                    JUSTIN ZELIKOVITZ, #986001
                                                    DCWAGELAW
                                                    519 H Street NW
                                                    Washington, DC 20001
                                                    Phone: (202) 803-6083
                                                    Fax: (202) 683-6102
                                                    justin@dcwagelaw.com

                                                    *Counsel for Plaintiff*